UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LESLIE EUGENE JONES #292708,

    Plaintiff,    Case No. 2:09-cv-156

v.    Honorable R. Allan Edgar

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff Leslie Eugene Jones, an inmate at the Mounds Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Michigan Department of Corrections (MDOC), Correctional Medical Services (CMS), Unknown Warden of Pugsley Correctional Facility in 2004, Unknown Medical Staff at Pugsley Correctional Facility, Dr. Warren, Nurse Practitioner Paula Meyer, Unknown Warden of Straits Correctional Facility in 2005, Unknown Medical Staff at Straits Correctional Facility, Unknown Nurse Practitioner at Straits Correctional Facility, Kinross Correctional Facility Warden Linda M. Metrish, Unknown Medical Staff at Kinross Correctional Facility, Unknown Nurse Practitioner at Kinross Correctional Facility, Unknown Warden at the Marquette Branch Prison, Unknown Medical Staff at the Marquette Branch Prison, Unknown Doctor at the Marquette Branch Prison, Unknown Nurse Practitioner at the Marquette Branch Prison, Unknown Medical Staff at the Ojibway Correctional Facility, Dr. Dave Rocco at the Ojibway Correctional Facility, Nurse Practitioner Jeri C. Ekman/Randell at the Ojibway Correctional Facility, Unknown Doctor at the Kinross Correctional Facility and HMO Contract Doctor Aster Berhane.

Plaintiff alleges in his complaint that on May 25, 2004, Defendant Meyer changed Plaintiff's blood pressure medication from Catapres to a Hydrochlorothiazide and Vasotec. Plaintiff claims that these changes caused his kidneys to produce large amounts of urine, but that Plaintiff was not given a detail to use the restroom on a sufficiently frequent basis. Plaintiff claims that he was required to wait up to 45 to 50 minutes to release his urine and that this resulted in urinary tract

infections and right flank pain. Plaintiff was given pain medication to treat the pain, but states that the underlying problem was never addressed.

Plaintiff states that in May of 2005, he was transferred to the Straits Correctional Facility, where his access to the restroom was also restricted. Plaintiff states that on two occasions, he had accidents because he could not hold his urine long enough. Plaintiff was eventually seen by a emergency room doctor, who told Plaintiff that he was rambling and could not follow thought patterns. Plaintiff was later transferred to the Kinross Correctional Facility, where he was recommended for angioplasty surgery. Plaintiff states that this was a misdiagnosis of the cause of his right flank pain. In 2006, Plaintiff was transferred to the Ojibway Correctional Facility, where Plaintiff refused to leave the pill line until he was seen by an R.N. The nurse tested a urine sample, and Plaintiff was then referred for an off-site examination. It was then discovered that Plaintiff had a kidney infection, which was treated with medication. Plaintiff states that upon his return to the prison, his medications were changed by Defendant Eckman/Randell, which caused multiple side-effects. Plaintiff has requested treatment by a Neurologist, to no avail. Plaintiff seeks damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the Court notes that Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*,

440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

In addition, the Court notes that the alleged misconduct asserted by Plaintiff as having occurred prior to July 16, 2006, is barred by the pertinent statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party

knows or has reason to know of the injury that is the basis of his action. Collyer, 98 F.3d at 220.[1]
Plaintiff's complaint is untimely for all claims arising prior to July 16, 2006. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued at the time they occurred. However, he did not file his complaint until July 16, 2009, well past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations where a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir.1991); *Mason v. Department of Justice*, No. 01-5701, 2002 WL 1334756, **2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations. The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001); *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2

---

[1] The Supreme Court's decision in *Jones v. Donnelley & Sons Co.*, 124 S. Ct. 1836 (2004) does not apply to claims brought by prisoner's under 28 U.S.C. § 1983, because although the statute was amended in 1996, the amendments did not "ma[k]e possible" a prisoner civil rights action under § 1983. *Id.*, at 1845.

(6th Cir. Oct. 22, 2002);*Paige v. Pandya*, No. 00-1325, 2000 WL1828653 (6th Cir. Dec. 5, 2000). Therefore, the Court need only address the claims which arose after July 16, 2006.

Plaintiff claims that Defendants' conduct violated the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more

than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). In this case, Plaintiff appears to be complaining about the specific medications and treatment he received,

rather than asserting a denial of treatment. Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). Therefore, Plaintiff's Eighth Amendment claims are properly dismissed.

Finally, the Court notes that liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a

supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that the Defendant Wardens were personally involved in the activity which forms the basis of his claim. The Wardens of the Correctional Facilities listed by Plaintiff were only involved to the extent that they failed to take corrective action. Supervisory Defendants cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against the Wardens of the various correctional facilities are properly dismissed for lack of personal involvement.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: 11/30/09         /s/ R. Allan Edgar
                        R. ALLAN EDGAR
                        UNITED STATES DISTRICT JUDGE